Disserting- Opinion.
Bermudez, C. J.
I respectfully dissent from the opinion and decree of the majority of the Court in this case, for the reason, that in my opinion, the exception taken to the ruling of the District Judge on the challenge of the juror, for cause, should he sustained and the case remanded.
The juror, sworn on his voir ¿lire, said: that he had a talk with one of the witnesses who was present at the time of the homicide, and who was a small hoy.
The juror further pointedly said: that from what he had heard, he had formed an opinion, hut the opinion was not of a fixed character and could he removed by competent testimony, and that he would be-governed entirely, in rendering a verdict, by the law and the evidence on the trial.
The District Judge says in the hill, “ that the juror lived about one mile from the scene of the alleged homicide; the witness referred to was the. main witness in the case, being the boy alleged to have been chas *398 tised by the father, who was alleged to have been murdered by the accused. He was at the house of the accused soon after the affray and difficulty, and after the death, helped to put the deceased in the coffin. It was apparent to the court, continues the Judge, that he well knew all about the case, and was anxious to get on the jury, and for good and sufficient reasons to act, knowing all the facts and having formed an opinion, after having conversed with the witness, the court rejected him as incompetent.”
It does not appear what the opinion was, which the juror, on his voir dire, stated ho liad formed. It cannot, therefore, be inferred that it was unfavorable to the accused.
If any deduction could be drawn, it should rather be that the juror was a' friend of the deceased, having helped to place his body in the coffin, thus rendering him the last service, and that he was, as such friend, inclined adversely to the accused. I think that nothing shows what his feelings were, and that the opinion to which he refers was a mere impression received without any deliberation.
The answer which he made shows clearly that not only it was not a fixed opinion, a Mas, which was not susceptible of being removed, but that it was such as could be changed, and that he would be guided exclusively by the evidence and the law governing the case.
In State vs. Brette, 6 A. 653, in which a juror stated that “from the rumors he had heard, his mind was biased, but such bias may be removed after he has heard the evidence, and his mind is open to conviction, and he thinks he can do justice between the parties,” the Court held he was a good juror.
In State vs. Ward, 14 A. 673, the Court decided, that the opinion formed, which disqualifies a juror, must be a deliberate one.
Also in State vs. Ricks, 32 A. 1098, since followed, which was a case in which a juror had first declared, and afterwards reiterated, that he had formed a fixed opinion in regard to the guilt or innocence of the accused, from conversations with persons whom he did not know were or not witnesses, but that the opinion would yield to testimony showing the facts to be different from those that he had heard, we held that he was a competent juror. The opinion was not a deliberate, decided and absolute one, which could not be changed.
On the trial of Aaron Burr, Chief Justice Marshall said, that those strong and deep impressions which will close the mind against the testimony that may be offered in opposition to them, which will combat that testimony and remit its force, do constitute a sufficient objection to him. “ Those who try the impartiality of a juror ought to test him by this rule.” Burr trial, Vol. I, p. 416; State vs. George, 3 Rob. 535 ; State vs. Brown, 4 A. 505; 11 A. 607; 6 A. 653,
*399 In the present case, liad the accused challenged this juror on the same ground that the State has done, and had the court overruled the objection, the ruling could not have been sustained.
The rule must in future he made to operate so as to apply, with equal impartiality, to the State and to the accused.
' Conceding the facts to he as stated by the District Judge, it is not perceived how the juror could be declared incompetent because he appeared on the spot after the occurrence, and happened to converse with one who was to be a main witness.
The law could not disqualify a Judge, even if the Judge were a material witness. Jurors are sometimes themselves heard as witnesses in cases proceeding before a jury of wliich they form part. It does not pronounce the disqualification of this juror, and no good reason or authority is shown why he should not sit on the trial of -the case.
Before submitting the case to the jury the Judge could have warned them in his charge that their duty would be to determine the case on the evidence adduced on the trial, and not at all on facts, the knowledge - of which might have been acquired otherwise, previous to, and outside of the trial.
The presumption is, that when thus admonished and guarded, the-jury would have responded to the responsibility imposed by law upon them.
I have taken pains to review all the authorities within reach, many-of which are cited in the decisions, and I remain satisfied of the correctness of the affirmed ruling in 32 A. 1098, and of its applicability to the present case. See 33 A. 890, 1241; State vs de Rancé, ante, 186.
I, therefore, think that the verdict should be set aside, and the judgment and sentence annulled, and the case remanded for further-proceedings according to law.
Mr. Justice Levy concurs in this opinion.